AO 245B      (Rev. 6/11/2011- NYED) Judgment in a Criminal Case
        Sheet 1

# UNITED STATES DISTRICT COURT

## Eastern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA | ) **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) |
| ROLANDO ROLDAN | ) Case Number:  10 CR 623 (ARR) |
| | ) USM Number: 78333-053 |
| | ) CHAD L. EDGAR, ESQ |
| | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)     one of the superseding indictment.

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1349, 1344 & 1343. | CONSPIRACY TO COMMIT BANK & WIRE FRAUD. | 7/15/2010 | 1 |

        The defendant is sentenced as provided in pages 2 through    8    of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)    REMAINING    ☐ is  ☑ are  dismissed on the motion of the United States.

        It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

8/20/2013
Date of Imposition of Judgment

s/ ARR
Signature of Judge

ALLYNE R. ROSS                    U.S.D.J.
Name of Judge                     Title of Judge

8/29/2013
Date

DEFENDANT: ROLANDO ROLDAN
CASE NUMBER: 10 CR 623 (ARR)

Judgment—Page __2__ of ___8___

# PROBATION

The defendant is hereby sentenced to probation for a term of :

FIVE (5) YEARS.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of

   future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

        If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

        The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment, or if such prior notification is not possible, then within forty eight hours after such change;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer anycontrolled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of afelony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the cou and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminalrecord or person history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B  (Rev. 6/11/2011 L-NYED) Judgment in a Criminal Case
Sheet 4A — Probation

DEFENDANT:  ROLANDO ROLDAN
CASE NUMBER:  10 CR 623 (ARR)

Judgment—Page  3  of  8

## ADDITIONAL PROBATION TERMS

1) DEFT SHALL SERVE SIX (6) MONTHS HOME CONFINEMENT.

2) DEFT SHALL  SEEK AND MAINTAIN FULL-TIME, VERIFIABLE EMPLOYMENT THAT IS APPROVED BY THE U.S. PROBATION DEPARTMENT.

3) DEFT SHALL SERVE 500 HOURS OF COMMUNITY SERVICE AS DIRECTED BY THE PROBATION DEPARTMENT DEPENDING UPON DEFT'S PART OR FULL -TIME EMPLOYMENT.

4) DEFT SHALL COMPLY WITH THE ORDER OF RESTITUTION.

5) DEFT SHALL MAKE FULL FINANCIAL DISCLOSURE TO THE PROBATION DEPARTMENT.

Judgment—Page  3  of  8

AO 245B    (Rev. 6/12/01) Judgment in a Criminal Case
. Sheet 5 — Criminal Monetary Penalties

DEFENDANT:  ROLANDO ROLDAN
CASE NUMBER:  10 CR 623 (ARR)

Judgment — Page __4__ of __8__

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ 63,064.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

   If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| LEND-MOR BANKING | $63,064.00 | $63,064.00 | |
| 520 BROADHOLLOW ROAD | | | |
| MELLVILLE, NY 11747 | | | |

| **TOTALS** | $ 63,064.00 | $ 63,064.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☑ the interest requirement is waived for the    ☐ fine   ☑ restitution.

   ☐ the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:  ROLANDO ROLDAN
CASE NUMBER:  10 CR 623 (ARR)

Judgment—Page  5  of  8

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 6/11) Judgment in a Criminal Case
    Sheet 6 — Schedule of Payments

| | |
|---|---|
| DEFENDANT: ROLANDO ROLDAN | Judgment — Page   6   of   8 |
| CASE NUMBER: 10 CR 623 (ARR) | |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $   63,064.00   due immediately, balance due

     ☐   not later than _____ , or
     ☐   in accordance   ☐ C,   ☐ D,   ☐   E, or   ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,    ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

     DEFT SHALL MAKE FULL RESTITUTION IN THE AMOUNT OF $63,064.00, DUE IMMEDIATELY AND PAYABLE AT A RATE OF 10% OF GROSS INCOME PER MONTH WHILE NOT IN CUSTODY AND WHILE ON SUPERVISED RELEASE. PAYMENT SHALL BE MADE TO THE CLERK OF THE COURT FOR THE EASTERN DISTRICT OF NEW YORK AT 225 CADMAN PLAZA EAST BROOKLYN, NY 11201.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑   Joint and Several

     Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B Case 1:10-cr-00623-ARR Document 310 Filed 09/16/13 Page 7 of 20 PageID #: 1478
(Rev. 6/14/2011 NYED) Judgment in a Criminal Case
Sheet 6A — Schedule of Payments

DEFENDANT:  ROLANDO ROLDAN
CASE NUMBER:   10 CR 623 (ARR)

Judgment—Page ___7___ of ___8___

## ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| 10 CR 623 HUGO LEIVA-2 ( LEND-MOR BANKING ) | $63,064.00 | | |

Case 1:10-cr-00623-ARR    Document 310    Filed 09/16/13    Page 8 of 20 PageID #: 1479

DEFENDANT: ROLANDO ROLDAN
CASE NUMBER: 10 CR 623 (ARR)

Judgment—Page   8   of   8

## ADDITIONAL FORFEITED PROPERTY

1) DEFT SHALL COMPLY WITH THE FORFEITURE ORDER IN THE AMOUNT OF $25,000.00. DEFT SHALL MAKE MONTHLY PAYMENTS, WHILE NOT IN CUSTODY, IN THE AMOUNT OF $150.00 PER MONTH.

Case 1:10-cr-00623-ARR   Document 310   Filed 09/16/13   Page 9 of 20 PageID #: 1480
Case 1:10-cr-00623-ARR   Document 199   Filed 10/03/12   Page 1 of 3 PageID #: 759
Case 1:10-cr-00623-ARR   Document 195   Filed 09/25/12   Page 1 of 3 PageID #: 724

SLR:LDM:CSK
F.#2010R01348

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 3 - 2012 ★

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BROOKLYN OFFICE

------------------------------X

UNITED STATES OF AMERICA

ORDER OF FORFEITURE

    - against -

10-CR-623 (S-2) (ARR)

ROLANDO ROLDAN,

      Defendant.

------------------------------X

WHEREAS, on May 3, 2012, the defendant, ROLANDO ROLDAN, entered a

plea of guilty to Count One of the above-captioned superseding indictment, charging a violation

of 18 U.S.C. § 1349, and

WHEREAS, the defendant has consented to the entry of a forfeiture money

judgment in the amount of twenty five thousand dollars ($25,000.00) in United States currency

(the "Forfeiture Money Judgment") pursuant to 18 U.S.C. § 981(a)(1)(C), as property which

constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1349, and/or as

substitute assets, pursuant to 21 U.S.C. § 853(p);

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and

between the United States and the defendant as follows:

    1.    The defendant shall forfeit to the United States the full amount of the

Forfeiture Money Judgment, pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 853.

Case 1:10-cr-00623-ARR   Document 310   Filed 09/16/13   Page 10 of 20 PageID #: 1481
Case 1:10-cr-00623-ARR   Document 199   Filed 10/03/12   Page 2 of 3 PageID #: 760
Case 1:10-cr-00623-ARR   Document 195   Filed 09/25/12   Page 2 of 3 PageID #: 725

2.      All payments made towards the Forfeiture Money Judgment shall be made by certified or bank check, payable to "United States Marshals Service," on or before the date of defendant's sentencing (the "Due Date"). The defendant shall cause said check to be hand-delivered to Assistant United States Attorney Claire Kedeshian, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201, with the criminal docket number noted on the face of the check. If the Forfeiture Money Judgment is not paid in full or on before the Due Date, interest on the Forfeiture Money Judgment shall accrue at the judgment rate of interest from the Due Date.

3.      If the Forfeiture Money Judgment is not received as provided above, the defendant shall forfeit any other property up to the value of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p). The defendant shall fully assist the government in effectuating the payment of the Forfeiture Money Judgment. The defendant shall not file or interpose any claim or assist others to file or interpose any claim to any property against which the government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding.

4.      The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the money forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said money, and waives all constitutional, legal and equitable defenses to the forfeiture of said money, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines. The forfeiture of the money forfeited hereunder is not to be considered a payment of a fine or restitution or a payment on any income taxes that may be due. The

Case 1:10-cr-00623-ARR   Document 310   Filed 09/16/13   Page 11 of 20 PageID #:
1482
Case 1:10-cr-00623-ARR   Document 199   Filed 10/03/12   Page 3 of 3 PageID #: 761
Case 1:10-cr-00623-ARR   Document 195   Filed 09/25/12   Page 3 of 3 PageID #: 726

forfeiture of the money forfeited hereunder is not an admission of the amount of loss for purposes of the calculation of the Sentencing Guidelines or for purposes of the calculation of the amount of restitution.

5.    The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Order.

6.    Pursuant to Fed. R. Crim. P. 32.2(b)(4)(a), this Order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

7.    This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

8.    The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order.

9.    The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Order to FSA Paralegal Yvette Ramos, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
    September 27, 2012

HONORABLE ALLYNE R. ROSS
UNITED STATES DISTRICT JUDGE

1

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,      :

                   Plaintiff,  :      CR-10-623

          -against-            :      United States Courthouse

                               :      Brooklyn, New York

ROLANDO ROLDAN,                :

                   Defendant.  :

                               :      August 20, 2013
                               :      10:30 a.m.
- - - - - - - - - - - - - - - X

                    TRANSCRIPT OF SENTENCING
                  BEFORE THE HONORABLE ALLYNE ROSS
                UNITED STATES DISTRICT SENIOR JUDGE

APPEARANCES:

For the Plaintiff:        LORETTA E. LYNCH, ESQ.
                          United States Attorney
                          BY:  ALEX SOLOMON, ESQ.
                          Assistant United States Attorney

For the Defendant:        DAWN CARDI, ESQ.




Court Reporter:           FREDERICK R. GUERINO, C.S.R.
                          225 Cadman Plaza East
                          Brooklyn, New York
                          (781) 613-2503



Proceedings recorded by mechanical stenography, transcript
produced by CAT.
```

FREDERICK R. GUERINO, C.S.R.          OFFICIAL COURT REPORTER

12

1    government believes it's commendable that the defendant is

2    trying to help the state authorities.

3              One other point.  Mr. Ms. Cardi asserted that

4    Mr. Roldan's limited role precluded his cooperation with the

5    government, that's not entirely accurate.

6              Your Honor, Mr. Roldan was arrested on a complaint.

7    The hope was to cooperate himself, because he had contacts

8    with a number of individuals, that we had hoped to have him

9    participate in recorded meetings with.  He elected to

10   litigate, which is his absolute right to do, and we are not

11   asking that he be held responsible for his initial refusal to

12   cooperate.  But it isn't the case that we weren't interested

13   in cooperating him.

14             THE COURT:  I see.

15             MR. SOLOMON:  I think I will leave it at that and

16   we'll rest on our papers.

17             THE COURT:  The parties and the probation department

18   are now in agreement that the defendant's adjusted offense

19   level is 17 under the advisory guidelines, which, given his

20   Criminal History Category of one, carries a range of

21   imprisonment of 24 to 30 months.  Although I consider it

22   appropriate to impose a non-guideline sentence in this case,

23   I have, as a preliminary matter, considered the advisory

24   guidelines.  Additionally, by its addendum, the probation

25   department has already corrected certain factual inaccuracies

FREDERICK R. GUERINO, C.S.R.          OFFICIAL COURT REPORTER

13

1    in the Presentence Report raised by counsel in your

2    submission.

3            I note, however, that in this case, as in all of the

4    other related prosecutions and convictions generated by this

5    investigation, I've considered it appropriate to accord a

6    somewhat diminished weight to the advisory guideline

7    calculation in arriving at an appropriate sentence upon

8    balancing all of the 3553(a) factors.  I've made this

9    adjustment because, in my view, the loss calculation in these

10   cases - which resulted here in an enhancement of defendant's

11   advisory guideline by ten levels - so magnifies the severity

12   of the advisory guideline sentence that it results in

13   overstating the seriousness of the offense.  Because the

14   total amount of loss is an imperfect proxy for the degree of

15   culpability of these cases, I have adjusted the weight

16   accordingly.

17           As to the nature and seriousness of the offense.

18           The details of the extensive scheme to defraud

19   lending institutions through fraudulent means, in part by

20   utilizing straw purchasers and falsifying mortgage loan

21   applications, have been comprehensively and accurately

22   recited in the presentence report and government submissions

23   on the sentence and need not be reiterated here.  It cannot

24   be disputed that a scheme of this scope and magnitude - one

25   that occurred during a time of a national mortgage crisis -

FREDERICK R. GUERINO, C.S.R.          OFFICIAL COURT REPORTER

14

1    constitutes a serious offense.

2            On the other hand, defendant's role in this

3    conspiracy is appropriately mitigated in a number of

4    respects.  As the government has expressed it, he played a

5    less prominent role than almost all of his coconspirators.

6    He was involved in only one property, at least insofar as the

7    subject of this suit, and that involvement spanned only a

8    four-month period.  Moreover, while he involved two others as

9    straw purchasers in the single property, under the

10   circumstances of this case, the three-level resulting

11   advisory guideline role enhancement, like the ten-level loss

12   enhancement, also unduly magnifies the apparent severity of

13   this offense.

14           Turning to the history and characteristics of the

15   defendant.

16           The defendant, age 36, is a Guatemalan and a legal

17   permanent resident of the United States.  The defendant, his

18   parents, and three siblings all relocated to the United

19   States to escape the violence of the civil war then in

20   Guatemala, and defendant immigrated here in 1989 at age 13.

21   In 2002, defendant's wife and now ten-year-old son moved to

22   Paraguay, where they continue to reside, as the couple tend

23   to divorce.  The defendant continues to provide financial

24   support for his son.  For the past nine years, the defendant

25   has been in a relationship with Alexandra Toro, and the two

1    now have a three-year-old daughter.  Ms. Toro has an

2    11-year-old daughter from a prior relationship.  The

3    defendant provided support for his current family prior to

4    his arrest, but has been unable to maintain steady employment

5    since that time.  He's worked sporadically in his father's

6    landscaping business for the four to five years preceding his

7    arrest.  He was employed at a property investment company as

8    an estimator of property values and construction costs, and I

9    gather from defense counsel's most recent letter that he has

10   secured employment in a car wash company.

11         Defendant has no prior convictions, nor has he had

12   any prior brushes with the law.  A plethora of letters from

13   the defendant's family, letters attesting to the family's

14   strength for the defendant, and their distress at his

15   potential incarceration and deportation.  The defendant has

16   expressed sincere regret and remorse for his conduct.

17         I also note, what I learned this morning, that he

18   has sought to cooperate with Suffolk County in a manner that

19   suggests, based on the plea agreement, that they have been

20   satisfied thus far with his cooperation.  I really don't have

21   any further specifics on that, but I do think that it is

22   something that I should consider as part of a non-guidelines

23   sentence, and as part of weighing the 3553(a) factors.

24         As to the need for this sentence to afford

25   deterrence and protection of the public.

FREDERICK R. GUERINO, C.S.R.          OFFICIAL COURT REPORTER

16

1        Given defendant's personal history and the absence

2   of any prior criminality, I consider it highly unlikely that

3   he will recidivate or ever again be involved in any

4   illegality.   Thus, there's no need for the sentence to

5   promote specific deterrence for protection of the public.

6        There remain, however, the demands of general

7   deterrence, the provision of just punishment, and the

8   requirement that the sentence promote respect for the law.

9   In this regard, I note that this defendant, like many others

10  in this case, will suffer serious collateral consequences

11  from his conviction.   In a collateral consequence even more

12  profound suffered by his codefendants, he may be deported to

13  Guatemala, depriving him entirely of his life in this country

14  and leaving behind every member of his close-knit family.

15        Accordingly, taking into consideration all of the

16  3553(a) factors, I consider a sentence that is sufficient,

17  but not unduly severe, to accomplish the goals of sentence to

18  be as follows:   A five-year period of probation, with special

19  conditions, specifically:   Six months home detention;

20  continued full-time employment, or if there's interruption,

21  efforts to seek employment under the guidance of the

22  probation department, which may, in the judgment of the

23  probation department, include vocational training; 500 hours

24  of community service, 100 hours of which may be either

25  community service that he will be serving with the state, to

FREDERICK R. GUERINO, C.S.R.        OFFICIAL COURT REPORTER

17

1    be accomplished at the direction of the probation department

2    on a schedule that accommodates the requirement with respect

3    to employment; compliance with restitution and forfeiture

4    orders and full financial disclosure to the probation

5    department.  More specifically, an order of restitution in

6    this case, I believe the amount is $190,172.74; is that

7    right?

8              MR. SOLOMON:  That's correct, your Honor.

9              THE COURT:  Do immediately and payable to the Clerk

10   of Court at a monthly rate of five percent, while he's making

11   payments on state restitution.  And the forfeiture order in

12   this case, it is five percent of gross income, and after

13   those payments are completed, ten percent of gross income.

14             He will be required in my case to make monthly

15   payments toward his forfeiture order of $150.

16             I prohibit the possession of a firearm, ammunition,

17   or destructive device.

18             In light of the forfeiture and restitution, I make a

19   finding that he's unable to pay a fine, but I will impose the

20   mandatory $100 special assessment.

21             Any open counts?

22             MR. SOLOMON:  Yes, Your Honor, there are open counts

23   in two underlying indictments, as well as one count in the

24   second superseding indictment, which the government moves to

25   dismiss at this time.

FREDERICK R. GUERINO, C.S.R.        OFFICIAL COURT REPORTER

18

1        THE COURT:  That motion is granted.

2        MS. CARDI:  Your Honor, when I was researching,

3   because Lend More, the lender of this property, did not send

4   any loss information to the government, the value of the

5   property, as I understand it, has increased, and the way I

6   did the calculation, restitution, it would come to $160,322.

7   I calculated it as follows:  I took the mortgage value of

8   $533,322, I took the increased value of the house, which is

9   $358,000, according to ACRAS, and I subtracted and I got

10  $175,322, and then 15,000 for mortgage payments that he has

11  made.  So I got to $160,322.

12        The other question I have is, will he be joint and

13  severally liable?

14        THE COURT:  Yes, it's joint and several liability.

15  That's stated so in the Judgment and Commitment.

16        What about the amount?

17        MR. SOLOMON:  Your Honor, perhaps we can settle this

18  in writing.   I would be reluctant to speak on behalf of the

19  lender's loss, absent the ACRAS report in front of me.

20        MS. CARDI:  Your Honor, I have no problem with that,

21  if that's okay with the Court.  We can settle the exact

22  restitution amount.

23        THE COURT:  Would you kindly do that in the next

24  week?

25        MR. SOLOMON:  We'll try to do it in the next two

FREDERICK R. GUERINO, C.S.R.         OFFICIAL COURT REPORTER

19

1   days, your Honor.

2            THE COURT:   That would be lovely.

3            MR. SOLOMON:   Thank you.

4            THE COURT:   Okay.

5            Mr. Roldan, there are circumstances in which a

6   defendant may appeal the sentence.  I don't know if you wish

7   to, but you discuss that with your lawyer.  If you choose to

8   appeal, a Notice of Appeal -- honestly, I don't know that you

9   can appeal.  If you choose to appeal, a Notice of Appeal must

10  be filed within 14 days, and Ms. Cardi will continue to

11  represent you.

12           MR. SOLOMON:   Thank you, your Honor.

13           MS. CARDI:   Thank you, your Honor.

14           (The sentence is concluded.)

15

16

17

18

19

20

21

22

23

24

25

FREDERICK R. GUERINO, C.S.R.        OFFICIAL COURT REPORTER